IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GENTEX CORPORATION,

    Plaintiff,

v.

    NO. 4:17-cv-01136-MWB

HELICOPTER HELMET, LLC,

    Defendant.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND 12(b)(6) OR IN THE ALTERNATIVE, TO TRANSFER CASE TO DELAWARE PURSUANT TO 28 U.S.C. §1404(a)**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Helicopter Helmet, LLC ("Defendant"), by and through undersigned counsel, hereby moves this court to dismiss the complaint of Plaintiff Gentex Corporation ("Plaintiff") for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted or in the alternative, to transfer the case to the District of Delaware pursuant to 28 U.S.C. §1404(a).

## NATURE AND STAGE OF THE PROCEEDINGS

On June 27, 2017, Plaintiff Gentex Corporation ("Gentex" or "Plaintiff") filed a Complaint against Defendants Helicopter Helmet, LLC ("HHC" or "Defendant"), alleging breach of contract (Count I) breach of duty of good faith and fair dealing (Count II), and seeking declaratory relief under 28 U.S.C. § 2201(a) (Counts III and IV). HHC moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or in the alternative to transfer case the case to the District of Delaware pursuant to 28 U.S.C. §1404(a).

As discussed, this Court lacks jurisdiction to hear Plaintiff's claims and, in any event, Plaintiff has failed to state a viable claim as a matter of law. Additionally, as explained below, there is now a consolidated active case in Delaware District Court, Civil Action No. 1:17-cv-00497-LPS, which includes additional parties and the claims filed in Florida. Indeed, in the Delaware action, the additional Plaintiff and HHC are likewise suing Gentex under identical claims which form the subject matter of the instant case. (A true and correct copy of the Delaware Amended Complaint is attached as **Exhibit A**)

## SUMMARY OF THE ARGUMENT

The Complaint alleged that HHC is in breach of a Settlement and Release Agreement among the Parties effective on June 1, 2015. On December 20, 2012, Gentex commenced an action in this Court seeking to enjoin HHC and its principal, Ronald Abbott, from infringing Gentex's trademarks in connection with HHC's sales of flight helmets. *See* Second Amended Complaint, *Gentex Corp. v. Ronald Abbott, et al.*, C.A. No. 3:12-cv-02549 (M.D. Pa.) (hereinafter referred to as the "prior Pennsylvania action"). Gentex, HHC, and Abbott agreed to settle the dispute concerning the trademark, and, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), executed a Stipulation and Order of Dismissal with Prejudice, which mentioned the settlement agreement but did not reserve the District Court jurisdiction to enforce it.

On June 1, 2015, these parties entered into the Settlement and Release Agreement. Pursuant to paragraph 5 of the Settlement and Release Agreement, HHC agreed to release Gentex and its agents and representatives "from any and all claims . . . with respect to or in any way related to the Dispute." *See* Release Agreement attached to Complaint by Plaintiff, Doc. [1], Exhibit B. Pursuant to paragraph 2 of the Release, HHC and Gentex agreed to jointly file a Consent Decree. *Id.* ¶ 2. Pursuant to the stipulated Consent Decree, this Court found that HHC

and Gentex desired to "settle any and all claims, controversies, demands, actions, or causes of action they had, have or may have against each other **arising out of** the events referred to in the Second Amended Complaint and/or Defendant's Answer, Affirmative Defenses and Counter Claims". *See* Consent Decree, *Gentex Corp. v. Ronald Abbott, et al.*, C.A. No. 3:12-cv-02549 (M.D. Pa.) attached to Complaint by Plaintiff, Doc. [1], Exhibit A.

Also pursuant to the Consent Decree, this Court ordered that:

"violation of this Consent Decree shall constitute contempt of this Court and shall subject the violator(s) to (a) a judgment in favor of the non-violating party(-ies); (b) an Order compelling the violator(s) to reimburse the non-violating party(-ies) for the reasonable costs and attorney's fees incurred in bringing a contempt motion; and…the court shall retain continuing jurisdiction to enforce the terms of this Consent Decree".

*Id.* at 6.

From the date of the settlement, Gentex has blatantly violated antitrust laws and caused new harms to HHC as well as illicitly monopolizing the entire government market for helicopter helmets in the United States. On May 1, 2017, HHC filed a Complaint against Gentex and its sole U.S. commercial distributor (who is located in California), in the United States District Court for the District of Delaware, alleging violations of the Sherman Act and Clayton Act, conspiracy in restraint of trade in violation of Section 1 of the Sherman Act and the Clayton Act, monopolization and conspiracy to monopolize in violation of Section 2 of the Sherman Act and the Clayton Act, civil conspiracy, defamation and conspiracy to defame, unfair and deceptive trade practices in violation of 6 Del. C. § 2532 (the "DCFA"), violations of the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45, and unjust enrichment (hereinafter referred to as the "Original Delaware action"). Simultaneously, HHC filed a complaint against Gentex and its sole

U.S. commercial distributor in the Circuit Court of the Eighteenth Judicial District in Brevard County, Florida, where HHC's headquarters are located, alleging violations of the Florida Antitrust Act, Fla. Stat. § 542.18 et seq., Florida's Unfair and Deceptive Trade Practices Law, Fla. Stat. § 501.201 et seq., and Florida state law, which was removed to the United States District Court for the Middle District of Florida on June 26, 2017 (hereinafter referred to as the "Florida action").

Plaintiff alleges that HHC has breached the terms of the Settlement and Release Agreement and the covenant of good faith and fair dealing by filing the Delaware and Florida Actions. In its claim for relief, Plaintiff seeks a declaratory judgment that HHC's pursuit of the Delaware and Florida actions violates the Settlement and Release Agreement and other declaratory relief amounting to a determination that Plaintiff is not in violation of the Sherman Act "or any other federal or state antitrust law" as alleged in HHC's Delaware and Florida claims.

Since the filing of the instant action, there have been numerous developments in the Delaware and Florida actions. Most importantly, another Plaintiff has made the same allegations against Gentex. Indeed, on July 31, 2017, Government Sales, Inc. ("GSI"), a Connecticut Company, joined in the Delaware action to address the same antitrust violations which Gentex has committed and continues to commit against Defendant, and the entire helicopter helmet market in the United States. GSI has not had a legal dispute with Gentex in the past and has not entered into any agreements with Gentex which would limit its ability to sue Gentex for its damages in Delaware. Moreover, since the filing of the instant action, the Florida claims and the Delaware claims have been consolidated into: Civil Action No. 1:17-cv-00497-LPS. Indeed, all the appropriate parties from four different states are currently before the Court in Delaware.

Not only does Plaintiff's complaint fail as a matter of law, the fact is that Delaware District Court is the only Jurisdiction where the Court has subject matter and personal jurisdiction over all Plaintiffs and Defendants.[1] Not only is Delaware District Court the only forum where Jurisdiction exists against all Defendants, the forum of convenience is Delaware.

Indeed, under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the instant complaint should be dismissed because of the following reasons: (1) this Court lacks jurisdiction over Plaintiff's Complaint for breach of the Settlement and Release Agreement because pursuant to the Consent Decree this court retained jurisdiction only to enforce the terms of the Consent Decree and Plaintiff has no independent basis for federal jurisdiction; (2) the claims filed by HHC in Delaware and Florida were not contemplated or released under the terms of the Consent Decree or settlement agreement (which are now merged into the Delaware action); (3) Some of the claims in the current Delaware case accrued after entering into the trademark settlement agreement and in fact, many of the claims are ongoing; (4) Plaintiff's claims in Pennsylvania should be dismissed pursuant to the "first-filed rule" (Civil Action No. 1:17-cv-00497-LPS in the District Court of Delaware) which was the first filled action; and (5) the anti-trust issues on which Plaintiff seeks declaratory relief are jury questions. Therefore, this matter should be dismissed in its entirety or in the alternative, transferred to Delaware.

## ARGUMENT AND MEMORANDUM OF LEGAL AUTHORITY

### STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action where the court lacks jurisdiction over the subject matter of that action. FED. R. CIV. P 12(b)(1). A defendant may challenge the existence of subject matter jurisdiction in one of two ways. *See*

---

[1] Plaintiff itself is a company incorporated in Delaware.

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A defendant may assert a "facial challenge to jurisdiction, asserting that plaintiffs' complaint, on its face does not allege sufficient [grounds] to warrant the [C]ourt in taking jurisdiction." *Cardio-Medical Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). When assessing a facial challenge, the Court must assume that "the allegations contained in the complaint are true." *Mortensen*, 549 F.2d at 891.

In the alternative, a defendant may assert a factual attack on the jurisdictional allegations in the complaint. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Where a defendant utilizes this method, no presumption of truthfulness attaches to the allegations in the complaint. *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting *Mortensen*, 549 F.2d at 891). Moreover, the Court is not bound to the four corners of the complaint when determining whether it possesses the power to hear the case. *See Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1977) (citing *Mortensen*, 549 F.2d at 891). Rather, the Court is permitted to weigh the available evidence to determine whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891. In doing so, the Court must "satisfy itself as to the existence of its power to hear the case." *Id.* Even when the merits of the claim and jurisdiction are closely related, the Court may determine jurisdiction without deciding the merits provided it "demands less in the way of jurisdictional proof than would be appropriate at a trial stage." *Gould*, 220 F.3d at 178 (quoting *Mortensen*, 549 F.2d at 891). Furthermore, the existence of disputed material facts will not preclude the Court from evaluating the jurisdictional allegations set forth in the complaint. *Id.*

It is well established that in a factual attack, the burden to establish the existence of subject matter jurisdiction rests squarely on the plaintiff's shoulders. *Packard v. Provident Nat'l*

*Bank*, 994 F.3d 1039, 1045 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory

allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar. Corp.*, 998 F.2d at 1196. The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

# ARGUMENT

I. THIS COURT LACKS JURISDICTION TO HEAR THIS CASE BECAUSE PURSUANT TO THE CONSENT DECREE THIS COURT RETAINED JURISDICTION ONLY TO ENFORCE THE TERMS OF THE CONSENT DECREE AND PLAINTIFF HAS NO INDEPENDENT BASIS FOR FEDERAL JURISDICTION.

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *see Willy v. Coastal Corp.*, 503 U.S. 131, 136–137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182–183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936).

Enforcement of a settlement agreement, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). A federal court does not have jurisdiction over a suit involving a claim for breach of contract, part of the consideration for which was the dismissal of an earlier federal suit. *Id.* at 381.

When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the

settlement contract) may, in the court's discretion, be one of the terms set forth in the order. *Id.* When dismissal of an action is pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), permitting voluntary dismissal by stipulation, which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal, a district court is authorized to embody the settlement contract in its dismissal order, or, what has same effect, retain jurisdiction over the settlement contract, if the parties agree; absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction. *Id.*

Additionally, a breach of the covenant of good faith and fair dealing is a breach of contract action, not an independent action for breach of a duty of good faith. *Hanaway v. Parkesburg Group, LP*, 2015 PA Super 263, 132 A.3d 461, 471 (2015), *appeal granted in part,* 138 A.3d 608 (Pa. 2016)

The prior Pennsylvania action was dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). Under the dismissal order, this Court expressly retained jurisdiction only to enforce the Consent Decree; furthermore, this Court ordered that a motion for contempt was the proper mechanism for a party alleging a violation of the Consent Decree. Rather than filing a contempt motion before this Court alleging a violation of the Consent Decree, Plaintiff chose to improperly file its Complaint alleging breach of the Settlement and Release Agreement. Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction, because this Court did not embody in its dismissal order or expressly retain jurisdiction over the Settlement and Release Agreement, therefore an action to enforce that agreement requires an independent basis for jurisdiction. Plaintiff has failed to plead and does not have an independent basis for

federal jurisdiction over the actions for breach of the Settlement and Release Agreement or the accompanying action for breach of the covenant of good faith and fair dealing.

II. PLAINTIFF HAS FAILED TO ALLEGE CONDUCT SUFFICIENT TO STATE A CLAIM FOR BREACH OF THE SETTLEMENT AND RELEASE AGREEMENT OR THE CONSENT DECREE.

Under Pennsylvania law, ordinary principles of contract law govern settlement agreements. *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 193 (3d Cir.2000). "As with any contract, it is essential to the formation of a settlement agreement that 'the minds of the parties should meet upon all the terms, as well as the subject matter, of the [agreement].'" *Thomas v. Univ. of Pa.*, 2007 WL 2891739, at *2 (E.D.Pa. Oct.2, 2007) (quoting *Mazzella v. Koken*, 559 Pa. 216, 739 A.2d 531, 536 (Pa.1999)). An agreement is valid if "the parties mutually assent to the terms and conditions of the settlement." *Transport Int'l Pool*, 2008 WL 2550598, at *5 (quoting *Main Line Theatres, Inc. v. Paramount Film Distrib. Corp.*, 298 F.2d 801, 803 (3d Cir.1962)).

"[A]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir.1970); *Thomas*, 2007 WL 2891739, at *2; *Suber v. Peterson*, 2006 WL 1582312, at *3 (E.D.Pa. June 2, 2006). "A 'settlement agreement is still binding even if ... a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing." *Thomas*, 2007 WL 2891739, at *2 (quoting *Wyndmoor*, 1996 WL 117471, at *6).

"The courts of Pennsylvania have traditionally determined the effect of a release using the ordinary meaning of its language and interpreted the release as covering 'only such matters as can fairly be said to have been within the contemplation of the parties when the release was

given.'" *Dublin by Dublin v. Shuster*, 410 Pa.Super. 1, 6–7, 598 A.2d 1296, 1298–99 (1991) (emphasis added), appeal denied, 533 Pa. 600, 617 A.2d 1274 (1992), quoting *Estate of Bodnar*, 472 Pa. 383, 386, 372 A.2d 746, 748 (1977). Moreover, releases are strictly construed so as not to bar the enforcement of a claim which had not accrued at the date of the execution of the release. *Restifo v. McDonald*, 426 Pa. 5, 230 A.2d 199 (1967); *Henry Shenk Co. v. City of Erie*, 352 Pa. 481, 43 A.2d 99 (1945); *Zurich General Acc. & Liab. Ins. Co. v. Klein*, 181 Pa.Super. 48, 121 A.2d 893 (1956).

A consent decree is an order that reflects the settlement terms agreed to by the parties, and that contains an injunction. *FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1218 (9th Cir. 2004) ("[A] consent decree is 'no more than a settlement that contains an injunction.'" (quoting *In re Masters Mates & Pilots Pension Plan & IRAP Litig.*, 957 F.2d 1020, 1025 (2d Cir. 1992))); *Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996) ("[W]hen a decree commands or prohibits conduct, it is called an injunction."). The presence of an injunction in the consent decree makes non-compliance with the settlement terms contempt of court. *Local No. 93, Int'l Assoc. of Firefighters v. City of Cleveland*, 478 U.S. 501, 518 (1986).

Plaintiff and HHC entered into the Settlement and Release Agreement in order to settle all claims related to the action which Plaintiff filed against HHC for **trademark infringement** in this Court in 2012. Pursuant to the Settlement and Release Agreement, the parties agreed to jointly file a stipulated Consent Decree which reduced the terms of the Settlement Agreement into a court order and provided a mechanism for enforcement of the order by allowing a party alleging a violation of the consent decree to seek injunctive relief by filing a contempt motion before this Court.

Pursuant to the Consent Decree, the parties agreed to "settle any and all claims, controversies, demands, actions, or causes of action they had, have or may have against each other arising out of the events **referred to in the Second Amended Complaint and/or Defendant's Answer, Affirmative Defenses and Counter Claims**". *See* Consent Decree ¶ 8, *Gentex Corp. v. Ronald Abbott, et al.*, C.A. No. 3:12-cv-02549 (M.D. Pa.) (emphasis added). The second amended complaint referred to in the Consent Decree included causes of action filed by Plaintiff against HHC for alleged trademark infringement and the unlawful business practices of displaying Plaintiff's trademarks without authorization. In HHC's answer it raises the affirmative defenses that: Plaintiff failed to join an indispensable party; Plaintiff's trademarks were generic; Plaintiff had committed fraud on the U.S. Patent and Trademark Office; Plaintiff's trademarks had been abandoned; HHC's use of Plaintiff trademarks was descriptive; acquiescence; and the doctrine of Laches. In HHC's counterclaim, it sought cancellation of Plaintiff's trademarks under the Lanham Act.

Tellingly, in the stipulated Consent Decree, HHC and Plaintiff specifically settled claims "referred to in the Second Amended Complaint and/or Defendant's Answer, Affirmative Defenses and Counter Claims." The controversies/actions which HHC has recently brought in DE and FL for violations of state and federal anti-trust law, unfair competition, and defamation do not, in any way, arise out of the events referred to in the previous case which were related to HHC's alleged unauthorized use of Plaintiff's trademarks. Based on the ordinary meaning of the language, the claims filed by HHC in Delaware and Florida (which are ongoing claims of antitrust violation and ongoing defamation and unfair competition) were not contemplated or released under the terms of the Consent Decree and therefore, as a matter of law, and as a matter of the four corners of Plaintiff's complaint, this case must be dismissed because it failed to allege

that HHC has violated any of the terms of the Consent Decree and because the claims being pursued are not released under the Consent Decree of Settlement Agreement.

III. PLAINTIFF'S CLAIMS FOR DECLARATORY RELIEF SHOULD BE DISMISSED PURSUANT TO THE "FIRST-FILED RULE", AND HHC IS ENTITLED TO A JURY TRIAL IN THE DELEWARE AND FLORIDA ACTIONS.

The "first-filed rule" is a comity-based doctrine stating that, when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority. *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3d Cir. 2016) Application of the first-filed rule is discretionary. *Id.* In some cases, "first-filed" courts have relied on the rule to enjoin litigation in other jurisdictions. *Id.* In other cases, "second-filed" courts have cited the rule to defer consideration of a matter until proceedings have concluded elsewhere. *Id.; See E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 972 (3d Cir. 1988), *aff'd on other grounds*, 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990) ("[W]e review [a] district court's order [under the first-filed rule] for abuse of discretion."). If a second-filed court decides to invoke the rule, it also has the discretion to decide whether to stay, transfer, or dismiss the case before it. *Chavez*, 836 F.3d at 210.

The Third Circuit initially adopted the first-filed rule in *Crosley Corp. v. Hazeltine Corp*, 122 F.2d 925, 929–30 (3d Cir. 1941). *Crosley*, like all first-filed cases, involved two duplicative actions. In the first, Crosley sued Hazeltine in federal district court in Delaware to contest the validity of several of Hazeltine's patents. In the second, Hazeltine sued Crosley in federal district court in Ohio, alleging that Crosley had infringed several of the same patents at issue in Delaware. Crosley asked the Delaware District Court to enjoin the Ohio suits, but it refused. The court reversed with instructions to enter a temporary injunction stating that "[t]he party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our

dual system permits, be free from the vexation of subsequent litigation over the same subject matter." *Id.* at 930.

In in its Complaint, Plaintiff demands entry of a judgment that it "did not violate the Sherman Act or any federal or state antitrust laws." In the action filed against Plaintiff in Delaware on May 1, 2017, as well as the current case, HHC has alleged, that Plaintiff has violated the Sherman Act, Clayton Act, and other federal antitrust laws. The action filed against Plaintiff in Florida on May 1, 2017, has been consolidated with the Delaware action, and the Delaware action is the "first-filed", lawsuit concerning the parties and the antitrust matters.

When the "first-filed" rule is applied to Plaintiff's Complaint, this Court has the discretion to stay, transfer, or dismiss Plaintiff's Complaint because it was the "second-filed". Accordingly, this Court should dismiss Plaintiff's Complaint and allow the controversies between the parties to be resolved in the courts where they were filed first and are now conveniently consolidated into one nationwide antitrust action in Delaware.

Furthermore, the Declaratory Judgment Act, while allowing prospective defendants to sue to establish their non-liability, specifically preserves the right to jury trial for both parties. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959). Only under the most imperative circumstances, can the right to a jury trial of legal issues be lost through prior determination of equitable claims. *Id.* at 510–11.

In *Beacon*, the court determined that the right to trial by jury applies to treble damage suits under the antitrust laws, and is, in fact, an essential part of the congressional plan for making competition rather than monopoly the rule of trade, the antitrust issues on which one of the parties sought a declaration were essentially jury questions. *Id.* at 504. If the other party would have been entitled to a jury trial in a treble damage suit, they cannot be deprived of that

right merely because the other party took advantage of the availability of declaratory relief to sue first. *Id.*

As was the case in *Beacon*, here Plaintiff seeks a declaration on antitrust issues. HHC has a right to trial by jury under antitrust laws in its actions for damages in the current consolidated Delaware case. The antitrust issues on which Plaintiff seeks a declaration are questions for a jury, and HHC should not lose its right to trial by jury merely because Plaintiff seeks declaratory relief.

IV.    IN THE ALTERNATIVE, SHOULD PLAINTIFF'S CAUSE OF ACTION NOT BE DISMISSED, THIS CASE SHOULD BE TRANSFERRED TO DELAWARE

Even if this case is not dismissed, pursuant to 28 U.S.C. 1404(a), this case should be transferred to Delaware. In *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960), the U.S. Supreme Court States: "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that section 1404(a) was designed to prevent."

Moreover, and equally important is the reality that Delaware is the only Jurisdiction which has subject matter and personal jurisdiction over all Defendants and Plaintiffs. Gentex is a Delaware Company, Government Surplus Sales, Inc. is a Connecticut Company, Flight Suits (2nd Defendant in Delaware is a California Company, and HHC is a Florida Company. As alleged in the current Delaware antitrust case (*See* **Exhibit A**), significant damages occurred in the State of Delaware which includes antitrust claims based on improper competition involving the Delaware State Police Department.

While the antitrust violations have occurred in Delaware, neither HHC or Government Surplus Sales, Inc. have information concerning any damages they have incurred in this District. Therefore, this Court does not have Personal Jurisdiction over Government Surplus Sales, Inc. nor Flight Suits, nor, HHC. Furthermore, it is anticipated that additional Plaintiffs will join against Gentex for their Antitrust violations which Gentex has caused in the helicopter helmets market of the United States. Therefore, because the damages accrued in Delaware and not in the Middle District of Pennsylvania, only Delaware maintains jurisdiction over all the parties.

## CONCLUSION

The instant complaint should be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because of the following reasons: (1) this Court lacks jurisdiction over Plaintiff's Complaint for breach of the Settlement and Release Agreement because pursuant to the Consent Decree this court retained jurisdiction only to enforce the terms of the Consent Decree and Plaintiff has no independent basis for federal jurisdiction; (2) the claims filed by HHC in Delaware and Florida were not contemplated or released under the terms of the Consent Decree or settlement agreement (which are now merged into the Delaware action); (3) Some of the claims in the current Delaware case accrued after entering into the trademark settlement agreement and in fact, many of the claims are ongoing; (4) Plaintiff's claims in Pennsylvania should be dismissed pursuant to the "first-filed rule" (Civil Action No. 1:17-cv-00497-LPS in the District Court of Delaware) which was the first filled action; and (5) the anti-trust issues on which Plaintiff seeks declaratory relief are jury questions. Therefore, this matter should be dismissed in its entirety or in the alternative, transferred to Delaware.

WHEREFORE, for the foregoing reasons, Plaintiff's Complaint should be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure or in the alternative, transferred to Delaware.

Respectfully submitted,

*/s/ Joseph F. Orso, III, Esquire*
Joseph F. Orso, III, Esquire
Rudinski, Orso & Lynch
339 Market Street
Williamsport, PA 17701