IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENTEX CORPORATION, | : | |
| Plaintiff, | : : : | |
| v. | : : | NO. 4:17-CV-01136-MWB |
| HELICOPTER HELMET, LLC, | : : | JUDGE BRANN |
| Defendant. | : | ELECTRONICALLY FILED |

---

**PLAINTIFF'S SUR REPLY IN FURTHER OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

---

In apparent tacit admission that its original arguments are without merit, Defendant Helicopter Helmet LLC ("HHC") does not reference those arguments in its Reply Brief but instead advances two entirely new challenges to Plaintiff Gentex Corporation's ("Gentex") breach of contract and other claims. HHC waived those new challenges, however, by failing to raise them in its opening brief. See Corbeil v. Cahill, No. 1:13-CV-1323, 2014 WL 1234488, at *4 n.3 (M.D. Pa. Mar. 25, 2014) ("[N]ew arguments raised for the first time in a reply brief may be disregarded by the court."); see also Anspach v. City of Philadelphia, 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("Absent compelling circumstances not

present here, failure to raise an argument in one's opening brief waives it"). Even if they had been timely asserted, HHC's new arguments lack merit and consequently its motion to dismiss should be denied.

First, HHC argues that Gentex's breach of contract and other claims were rendered moot by the Amended Complaint filed in Delaware. (Reply Brief (ECF No. 16) at 2-4.)[1] This argument is plainly incorrect. Gentex's claims in this case are premised on HHC's improper filing and pursuit of the Delaware and Florida actions, not a particular pleading. See, e.g., Compl. (ECF No. 1) ¶ 28 ("HHC breached its obligations under the Settlement and Release Agreement by filing the DE Action and the FL Action."); id. ¶ 36 ("Pursuant to 28 U.S.C. § 2201(a), Gentex seeks a declaratory judgment that HHC's pursuit of the DE Action and FL Action violates the Settlement and Release Agreement."). Because Gentex is entitled to recover the costs and fees incurred in defending against HHC's original and Amended Complaints, its claims in this case are not mooted by the amendment.[2]

---

[1] HHC's filed its Amended Complaint in the Delaware action on July 31, 2017, three weeks before it filed its Motion To Dismiss in this case. The Amended Complaint in the Delaware action is attached to HHC's Reply Brief as Exhibit 1.

[2] HHC's mootness argument is further debunked by its own acknowledgment that Gentex's claims in this case are premised on "pursuit of the Delaware and

Moreover, HHC's original Complaint and Amended Complaint are substantively the same. They include the same counts and the same factual allegations—a point which HHC made in its original brief (ECF No 10, p.2)—and for this reason as well the amendment does not moot Gentex's claims. See Warren Distrib. Co. v. InBev USA, LLC, No. 07-1053, 2010 WL 2326168, at *3 n.3 (D.N.J. June 7, 2010) ("Though the Motions were filed with respect to the original Complaint and original AB Answer, the Motions are not rendered moot by the subsequent amendments to those pleadings since they did not otherwise substantively change"). Put simply, because HHC continues to pursue the Delaware Action in violation of the Settlement and Release Agreement, Gentex's breach of contract and other claims are not moot.[3]

---

Florida actions." (Reply Br. at 2 ("Plaintiff alleges that HHC has breached the terms of the Settlement and Release Agreement and the covenant of good faith and fair dealing by bringing the filing [sic] the Delaware and Florida Actions."); id. at 2 ("In its claim for relief, Plaintiff seeks a declaratory judgment that HHC's pursuit of the Delaware and Florida actions violates the 2015 Settlement and Release Agreement . . . ."); id. at 5 ("Plaintiff's claim that HHC's filing of the DE and FL Actions was as [sic] a blatant breach of the 2015 Settlement and Release Agreement . . . .").

[3] None of the cases cited by HHC are even remotely on point. The issue in New Rock Asset Partners, LP v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1503-04 (3d Cir. 1996), was whether a party could defeat federal jurisdiction by withdrawing the only federal claim after removal. The issue in West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d

Second, HHC argues that the Settlement and Release Agreement is not a bar to the Delaware action because releases of "intentional tortious conduct" are prohibited in Pennsylvania. (Reply Br. at 4-5.) This is also an incorrect statement of the law. The cases cited by HHC do not support its argument but rather stand for the different proposition that pre-injury exculpatory clauses violate public policy if they release a party from future intentional or reckless acts. See, e.g., Valley Forge Convention & Visitors Bureau v. Visitor's Servs., Inc., 28 F. Supp. 2d 947, 950 (E.D. Pa. 1998) (limitation of liability clause in commercial contract); Public Serv. Enter. Grp., Inc. v. Philadelphia Elec. Co., 722 F. Supp. 184, 205 (D.N.J. 1989) (exculpatory clause in nuclear power plant operation agreement); Fidelity Leasing Corp. v. Dun & Bradstreet, Inc., 494 F. Supp. 786, 788 (E.D. Pa. 1980) (exculpatory clause in subscription contract for supply of credit information); Tayar v. Camelback Ski Corp., Inc., 616 Pa. 385, 388, 47 A.3d

---

Cir. 2013), was whether a party could take contrary positions in an original complaint and an amended complaint. The other cases cited by HHC on page 3 involved circumstances where subsequent events made the relief sought impossible. See Lewis v. Continental Bank Corp., 494 U.S. 472, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990) (amendment to statute rendered constitutional challenge to statute moot); DeFunis v. Odegaard, 416 U.S. 312, 94 S. Ct. 1704, 40 L. Ed. 2d 164 (1974) (third-year law student challenging law school admission policy). To the extent that North Carolina v. Rice, 404 U.S. 244, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971), has any potential relevance, it supports Gentex in that it held that a defendant's challenge to his criminal conviction was not moot even though he served his sentence because he was also entitled to seek to nullify the conviction.

4

1190, 1192 (2012) (pre-injury release signed by snow tube patron). Unlike the pre-injury limitations on liability in these cases, the Settlement and Release Agreement that HHC signed was negotiated with the assistance of counsel, resolved vigorously contested litigation, was supported by consideration and by its express terms was intended to apply broadly to include not only existing claims but also claims that subsequently arise "in any way related to the" the prior litigation. (See Settlement and Release Agreement ¶ 5(b).)  As the Pennsylvania Superior Court recognized in enforcing a similar release in Front Street Dev. Assocs., LP v. Conestoga Bank, 161 A.3d 302, 308, 311-12 (Pa. Super. 2017), such a provision bars "claims of any kind in any way related to" the referenced events, including intentional tort claims that are premised on those events but are not yet accrued as of the date of the release. Front Street Dev. Assocs. conclusively forecloses the new challenge to the release advanced by HHC in its Reply.

For the reasons set forth above and in Gentex's Opposition Brief (ECF No. 11), the Complaint in this action sufficiently alleges claims for breach of

contract, breach of the duty of good faith and fair dealing and declaratory relief and therefore HHC's Motion To Dismiss under Rule 12(b) should be denied.

Respectfully submitted,

/s/ Donna A. Walsh
Daniel T. Brier
Donna A. Walsh

Attorneys for Plaintiff,
Gentex Corporation

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Date: December 8, 2017

## **CERTIFICATE OF SERVICE**

I, Donna A. Walsh, hereby certify that a true and correct copy of Plaintiff's Sur Reply in Further Opposition to Defendant's Motion To Dismiss was served upon the following counsel of record via the Court's ECF system on this 8th day of December, 2017:

>Joseph F. Orso, III, Esquire
>Rudinski Orso and Lynch
>339 Market Street
>Williamsport, PA 17701

>/s/ Donna A. Walsh
>Donna A. Walsh