# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENTEX CORPORATION, | No. 4:17-CV-01136 |
| Plaintiff. | (Judge Brann) |
| v. | |
| HELICOPTER HELMETS, LLC, | |
| Defendant. | |

## MEMORANDUM OPINION

### FEBRUARY 12, 2018

Defendant Helicopter Helmets, LLC, moved to dismiss the complaint filed by Plaintiff Gentex Corporation. For the reasons that follow, that motion will be granted.

## I.    BACKGROUND

### A.    2012 Pennsylvania Lawsuit

Plaintiff Gentex Corporation and Defendant Helicopter Helmets, LLC, are both manufacturers of aviation safety gear. In 2012, Gentex filed suit against Helicopter Helmets and others, alleging that Helicopter Helmets was unlawfully using trademarks belonging to Gentex (the "2012 Pennsylvania Lawsuit").[1] Gentex's complaint contained claims for trademark infringement, for unfair

---

[1]    ECF No. 1, Ex. C.

competition, and for unjust enrichment.[2]  Helicopter Helmet's answer denied

liability, and included counterclaims for cancellation of several of Gentex's

registered trademarks, for a declaratory judgment that Gentex had no protectable

interest or trademark rights in certain terms, and for fees and expenses.[3]

The parties settled their dispute via mediation in 2015.[4]  In the resulting

Settlement and Release Agreement, Helicopter Helmets agreed to "release, acquit,

and forever discharge" Gentex "from any and all claims . . . that [Helicopter

Helmets] may now or hereafter have or acquire . . . with respect to or in any way

related to the Dispute or the Lawsuits."[5]  The parties also stipulated to a Consent

Decree permanently enjoining Helicopter Helmets from using several of Gentex's

trademarks.[6]  The decree noted that violations by Helicopter Helmets would

constitute contempt, and this Court retained continuing jurisdiction to enforce the

decree's terms.[7]

---

[2]   ECF No. 1, Ex. C ¶¶ 21-41.

[3]   Answer, Affirmative Defenses and Counterclaims of Defendant Helicopter Helmets LLC, *Gentex v. Abbott*, No. 3:12-CV-02549 (M.D. Pa. April 4, 2014), ECF No. 63.

[4]   ECF No. 1 ¶ 13.

[5]   ECF No. 1, Ex. B ¶ 5(a).  The Settlement and Release Agreement defined the "Lawsuits" as the 2012 Pennsylvania Lawsuit and a related—but, for purposes of this opinion, irrelevant—suit involving an insurance claim.  *Id.* ¶ (A).  And the agreement defined the "Dispute" as including Gentex's claims against Helicopter Helmets in the 2012 Pennsylvania Lawsuit and Helicopter Helmets' answer and counterclaims in that suit.  *Id.*

[6]   ECF No. 1, Ex. A at 4-6.

[7]   *Id.* at 6.

## B. 2017 Delaware Lawsuit

On May 1, 2017, Helicopter Helmets filed suit against Gentex in the United States District Court for the District of Delaware ("2017 Delaware Lawsuit").[8] In its Amended Complaint in that suit, Helicopter Helmets alleged that Gentex and its distributor Gibson & Barnes published a series of advertising documents that promoted Gentex products while falsely describing Helicopter Helmet products as "counterfeit, unsafe, and unapproved."[9] Helicopter Helmets alleged that these documents—titled "White Papers"—were directed to the United States Department of the Interior ("DOI"), leading to the publication of a DOI Accident Prevention Bulletin that "attacked" non-Gentex products, including those made by Helicopter Helmets.[10]

Helicopter Helmets alleged that this conduct by Gentex and Gibson & Barnes damaged its sales, and its complaint contains claims for violations of federal and state antitrust laws, for defamation, for unfair and deceptive trade practices, for unfair competition and false advertising, and for unjust enrichment.[11] That suit remains pending.

---

[8]  *Helicopter Helmets v. Gentex Co.*, No. 1:17-CV-00497 (D. Del.).

[9]  Amended Complaint ¶¶ 19-20, *Helicopter Helmets v. Gentex Co.*, No. 1:17-CV-00479 (D. Del. July 31, 2017).

[10]  *Id.* ¶¶ 24, 26.

[11]  *Id.* ¶¶ 42-122.

## C.  2017 Pennsylvania Lawsuit

Less than two months after the Helicopter Helmets commenced the 2017 Delaware Lawsuit, on June 27, 2017, Gentex initiated the instant suit. Its complaint here recounts the above litigation, and argues that Helicopter Helmets, by filing the 2017 Delaware Lawsuit, breached the Settlement and Release Agreement and violated the Consent Decree.[12] In support of that argument, Gentex notes that the White Papers and the DOI Accident Prevention Bulletin played some role in the 2012 Pennsylvania Lawsuit.[13] Specifically, Gentex indicates that Helicopter Helmets (1) questioned a Gentex employee about a specific White Paper during that employee's deposition,[14] (2) requested discovery on the relative safety of Gentex and Helicopter Helmets gear on the basis of the allegedly false claims made in the White Papers,[15] (3) requested discovery of "communications with the DOI or any other government agency concerning" the DOI Accident Prevention Bulletin.[16]

Gentex's complaint contains a breach of contract claim (Count I), a claim for breach of the duty of good faith and fair dealing (Count II), and a request for a declaration that Helicopter Helmets violated the Settlement and Release

---

[12]  ECF No. 1 ¶ 28

[13]  ECF No. 1.

[14]  *Id.* ¶ 9.

[15]  *Id.* ¶ 10.

[16]  *Id.* ¶ 12.

Agreement (Count III). With an eye towards the 2017 Delaware Lawsuit, Gentex's complaint also seeks a declaration that Gentex did not violate any antitrust laws by publishing the White Papers or by communicating with the DOI about its products.[17] Helicopter Helmets moved to dismiss that complaint on August 24, 2017.[18]

## II. DISCUSSION

### A. Whether This Court Has Jurisdiction To Hear This Suit

Helicopter Helmets argues that this Court does not have jurisdiction to hear this suit. This Court disagrees. Helicopter Helmets' jurisdictional argument rests on its assertion that, when this Court dismissed the 2012 Pennsylvania Lawsuit, it did not "expressly retain jurisdiction over the Settlement and Release Agreement."[19] Even if that were true, Helicopter Helmets overlooks the fact that there is an independent basis for jurisdiction here—diversity.

Under 28 U.S.C. § 1332, this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Gentex's complaint alleges that it is a Delaware corporation with its principal place of business in Delaware, that Helicopter Helmets' sole member is a citizen of

---

[17]  *Id.* ¶¶ 40-44.

[18]  ECF No. 9.

[19]  ECF No. 10 at 10.

Florida, and that the amount in controversy exceeds $75,000.[20]   Because

Helicopter Helmets does not challenge those jurisdictional allegations they are

assumed true,[21] and, therefore, this Court may properly entertain this case.

**B.     Whether Gentex Stated a Claim for Breach of Contract**

Helicopter Helmets next argues that Gentex failed to adequately state a

claim for breach of the Settlement and Release Agreement.  This Court agrees.

As noted above, in the Settlement and Release Agreement, Helicopter

Helmets agreed to release Gentex from claims "in any way related to" the 2012

Pennsylvania Lawsuit.[22]  Also as noted above, however, that lawsuit embraced

trademark issues *only*; all of Gentex's claims and Helicopter Helmets'

counterclaims were related to Helicopter Helmets' alleged misuse of Gentex's

intellectual property.

Gentex attempts to bridge the gulf between the 2012 Pennsylvania Lawsuit

and the 2017 Delaware Lawsuit by noting that both suits, in some way, touched on

the White Papers and Gentex's communications with the DOI.  These allegations,

however, are insufficient.  The fact that the White Papers and Gentex's

communications with DOI were produced in discovery in the 2012 Pennsylvania

---

[20]   ECF No. 1 ¶¶ 1-3.

[21]   *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (noting that, when determining its jurisdiction, a United States District Court may assume the truth of a plaintiff's factual allegations when they are not challenged by a defendant).

[22]   ECF No. 1, Ex. B ¶ 5(b).

Lawsuit does not mean that the earlier lawsuit concerned Gentex's allegedly anticompetitive behavior. A possible evidentiary nexus between two suits does not mean that those suits are "in any way related to" one another. Therefore, Gentex's claims based on a breach of contract theory (Counts I and III) will be dismissed.

That said, the copy of the Settlement and Release Agreement provided to this Court by Gentex was heavily redacted, and it is possible that the redacted material might sufficiently illuminate a relation of the two lawsuits. Therefore, Gentex will be granted leave to amend this claim.

## C. Whether Pennsylvania Law Supports a Claim for Breach of the Duty of Good Faith and Fair Dealing

Helicopter Helmets also argues that there is no independent cause of action under Pennsylvania law for breach of the duty of good faith and fair dealing. This Court agrees,[23] and will dismiss this claim (Count II) with prejudice.

## D. Whether The First-Filed Rule Prevents This Court From Entertaining Gentex's Count IV Request for Declaratory Relief

Finally, Helicopter Helmets argues that, under the "first-filed rule," this Court should stay proceedings on Gentex's Count IV, or in the alternative, transfer this case to the United States District Court for the District of Delaware. This Court agrees.

---

[23] *See, e.g.*, *McCabe v. Marywood Univ.*, 166 A.3d 1257, 1261 n.2 (Pa. Super. Ct. 2017) ("Pennsylvania does not recognize an independent cause of action for breach of a covenant of good faith and fair dealing.")

Under the first-filed rule, "when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority."[24] Therefore, the court where the duplicative lawsuit is filed "has the discretion to decide whether to stay, transfer, or dismiss the case before it."[25]

The 2017 Delaware Lawsuit, filed May 1, 2017, seeks to hold Gentex liable for allegedly violating a number of state and federal antitrust laws for publishing the White Papers and communicating with the DOI. In Count IV of the instant suit, filed June 27, 2017, Gentex seeks a declaration that it has not violated any antitrust laws by publishing the White Papers or communicating with the DOI. Count IV is undoubtedly duplicative of the 2017 Delaware Lawsuit, which is unmistakably the first-filed.

Because this Court will grant Gentex leave to amend Counts I and III of its complaint, this Court will stay proceedings on Count IV during the period given to Gentex to make those amendments.[26] If Gentex does not amend its complaint within that time, this Court will dismiss Counts I and III with prejudice and

---

[24] *Chavez v. Dole Food Co.*, 836 F.3d 205, 210 (3d Cir. 2016).

[25] *Id.; but see id.* at 220-221 ("[I]n the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-field suit. Even a dismissal *without prejudice* may create unanticipated problems. A dismissal *with prejudice* will almost always be an abuse of discretion.") (emphasis in original).

[26] In its Motion to Dismiss, Helicopter Helmets argues that this Court should dismiss Count IV because it is entitled to a jury trial on its antitrust claims. ECF No. 10 at 15. Because this Court will either stay or transfer Count IV, it will not rule on this issue at this time, and Helicopter Helmets may raise this argument at a later time in, *e.g.*, a motion for judgment on the pleadings.

transfer the remainder of this case—*i.e.*, Count IV—to the United States District Court for the District of Delaware.

## III. CONCLUSION

For the reasons indicated above, Helicopter Helmet's Motion to Dismiss Plaintiff's Complaint is granted. An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge