# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENTEX CORPORATION, | No. 4:17-CV-01136 |
| Plaintiff. | (Judge Brann) |
| v. | |
| HELICOPTER HELMET, LLC, | |
| Defendant. | |

## MEMORANDUM OPINION

### JULY 11, 2018

Helicopter Helmet, LLC, moved to dismiss Gentex Corporation's Amended Complaint. For the reasons that follow, that motion will be denied in part and granted in part.

**I.    BACKGROUND**

This Court explained the background of this action in its Memorandum Opinion on Helicopter Helmet's first motion to dismiss,[1] and will therefore not do so again.

---

[1] ECF No. 21 at 1-5.

## II. DISCUSSION

### A. Whether Helicopter Helmet's Antitrust Suit Against Gentex Was "Related to" the 2012 Pennsylvania Lawsuit

This Court previously held that Gentex's original complaint failed to sufficiently allege that Helicopter Helmet's antitrust claims were "in any way related to" the 2012 Pennsylvania Lawsuit such that they would be barred by the Settlement and Release Agreement. Helicopter Helmet argues that Gentex has failed to cure that deficiency. This Court respectfully disagrees.

In its Amended Complaint, Gentex alleges that, during discovery in the 2012 Pennsylvania Lawsuit, Helicopter Helmet "threatened to pursue claims against Gentex . . . for alleged antitrust violations."[2] From this allegation (which was not in the original complaint), this Court can—and therefore must[3]—assume that Helicopter Helmet threatened to bring these claims either as additional counterclaims in the 2012 Pennsylvania Lawsuit or in a separate action in retaliation for that 2012 Pennsylvania Lawsuit. Consequently, the claims may be "related to" the 2012 Pennsylvania Lawsuit in some way.[4]

---

[2] ECF No. 23 ¶ 16.

[3] *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008) (noting that, when considering a motion to dismiss for failure to state a claim, this Court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the non-moving party).

[4] *Cf. Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 148 (2009) ("the phrase 'in relation to' is expansive").

### B. Whether the Settlement and Release Agreement is Prohibited Under Pennsylvania Law

Helicopter Helmet argues that, even if the Settlement and Release Agreement can be read to apply to Helicopter Helmet's antitrust claims against Gentex, the agreement is unenforceable under Pennsylvania law because it would release Gentex from liability for intentional tortious conduct.[5]

It is true that, under Pennsylvania law, "parties are not permitted to intentionally harm one another," and Pennsylvania courts will not enforce exculpatory contracts attempting to release intentionally harmful conduct.[6] However, that bar applies only when parties are attempting to contract around liability for future conduct.[7] Helicopter Helmet's complaint in Delaware argues that Gentex violated various state and federal antitrust laws through a course of conduct that allegedly began in 2013. The Settlement and Release Agreement was entered into on March 25, 2015. Therefore, if the agreement is found to apply to

---

[5] *See Tayar v. Camelback Ski Corp., Inc.*, 616 Pa. 385, 401 (2012) ("releases for intentional tortious conduct are . . . prohibited").

[6] *Id.*

[7] *See, e.g.*, *Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 896 n.27 (3d Cir. 1975) ("there is nothing in the public policy behind antitrust laws that prohibits general releases encompassing antitrust claims, provided that the release does not seek to waive damages from future violations of antitrust laws").

Helicopter Helmet's antitrust claims, it would not be void as against public policy, since it was entered into after that allegedly anticompetitive conduct occurred.[8]

### C. Whether Count III Should Be Dismissed or Transferred Under the First-Filed Rule

Finally, Helicopter Helmet argues—as it did in its first motion to dismiss—that this Court, pursuant to the "first-filed rule," should stay proceedings on Gentex's antitrust claims, or in the alternative, transfer this case to the United States District Court for the District of Delaware. For the reasons discussed previously,[9] this Court will stay proceedings[10] on Count III of Gentex's Amended Complaint.[11]

## III. CONCLUSION

For the reasons discussed above, Helicopter Helmet's Motion to Dismiss will be granted in part and denied in part. The motion will be denied with respect

---

[8] Helicopter Helmet argues that its Delaware Lawsuit seeks to hold Gentex liable for conduct occurring before *and* after the date of the Settlement and Release Agreement. It is unclear whether Gentex is arguing that claims based on its post-agreement conduct have been released by the agreement. If this argument is made, Helicopter Helmet is free to counter it at later stage. In any event, Helicopter Helmet may still have violated the Settlement and Release Agreement by suing Gentex for pre-agreement conduct.

[9] ECF No. 21 at 7-9.

[10] Since this Court decided the Helicopter Helmet's previous motion to dismiss, the United States District Court for the District of Delaware has dismissed Helicopter Helmet's complaint. *Helicopter Helmet v. Gentex Co.*, No. 1:17-CV-00479, ECF No. 64. That decision, however, has been appealed to the United States Court of Appeals for the Third Circuit. *Helicopter Helmet LLC, et al., v. Gentex Corp. et al.*, No. 18-2208.

[11] Because this Court is staying proceedings rather than transferring the action, it need not—and therefore does not—address (1) Gentex's argument that the Settlement and Release Agreement's forum selection clause applies to Helicopter Helmet's antitrust claims against Gentex, or (2) Helicopter Helmet's argument that it is entitled a jury trial on those claims.

to Counts I and II of Gentex's Amended Complaint, but proceedings on Count III of that complaint will be stayed.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge